# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GREGORY TURNER, *pro se*, | ) |
|    Plaintiff, | ) |
| v. | ) No. 2:19-cv-02840-SHL-atc |
| GREYHOUND LINES, INC., | ) |
|    Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Magistrate Judge Christoff's Report and Recommendation on Defendant's Motion to Dismiss (R&R), (ECF No. 33), recommending that the Court deny Defendant's Motion. Defendant filed Objections to the R&R on November 13, 2020. (ECF No. 34.) The Court considers each portion of the R&R that Defendant specifically objected to *de novo* and reviews the remainder for clear error.

## BACKGROUND

The following background is taken from Plaintiff's Amended Complaint, and it is assumed to be true for the purposes of this Motion. (ECF No. 29.)[1]

In September of 2018, Plaintiff was enrolled in a training program to become a driver for Defendant's bus line. (ECF No. 29.) In this training program, trainees stayed in hotel rooms with another trainee as a roommate. (ECF No. 29 at PageID 93.) Plaintiff's roommate witnessed Plaintiff putting in his hearing aids, and the roommate told other Greyhound

---

[1] Plaintiff included other details about his work environment: he alleged that his co-workers called him a nickname ("Pop-pe") and teased him about the fact that he had previously been a school bus driver. (ECF No. 29.) However, allegations like these, which are not relevant to his claims, are not included in this section.

employees that Plaintiff had "severe hearing loss." (ECF No. 29 at PageID 93.) In a later meeting with two supervisors, Plaintiff, and his roommate, Plaintiff's hearing loss was discussed "as though [he couldn't] hear," though Plaintiff maintains that he has "never said [he] couldn't hear." (ECF No. 29 at PageID 93.)

On November 1, 2018, still during the training program, Plaintiff was chosen by trainer Mr. Grey to drive a bus away from the hotel where they had stayed. (ECF No. 29 at PageID 93.) Plaintiff alleges that he was merging onto the interstate while Grey laughed and talked with other supervisors. (ECF No. 29 at PageID 93.) Plaintiff asked for further instructions, but he could not hear the reply due to the noise of the conversation and the plexiglass barrier that surrounded the driver's seat. (ECF No. 29 at PageID 93.) Plaintiff thus slowed the bus down, and "almost came over onto" a car also merging onto the interstate. (ECF No. 29 at PageID 93.) After this incident, Grey allegedly yelled at Plaintiff and told him he could not hear and should not be behind the wheel, and that his hearing aids needed new batteries. (ECF No. 29 at PageID 93.) Plaintiff asked for a new trainer, saying he could not understand Grey or ask Grey to repeat himself. (ECF No. 29 at PageID 93.)

The next day, November 2, 2018, Plaintiff called supervisor Tim Echoes. (ECF No. 29 at PageID 94.) Echoes told Plaintiff that Plaintiff had quit the training program the day before, though Plaintiff alleges he had only requested a different trainer. (ECF No. 29 at PageID 94.) Despite Plaintiff's contention that he had not quit the program, he turned in his training materials to Echoes that evening. (ECF No. 29 at PageID 94.)

A few months later, in March of 2019, Plaintiff applied to be a Greyhound driver again. (ECF No. 29 at PageID 94.) In June of 2019, after waiting to obtain medical clearance from the Department of Transportation, Plaintiff was readmitted into Greyhound's training program.

(ECF No. 29 at PageID 94.)  However, Plaintiff alleges that this rehiring was a "ruse," and he was "put out" of the program shortly after.  (ECF No. 29 at PageID 94 ("The rehire was a ruse. I was harassed about the setting of mirrors, put out of the training program and given a bus ticket back to [M]emphis. I didn't quit the program again.").)

Plaintiff brought this action in December of 2019, alleging discrimination based on his disability, hearing loss.  He alleges four claims under the Americans with Disabilities Act,  42 U.S.C. 126 § 12101: disability discrimination, retaliation, failure to accommodate and hostile work environment.  Defendant filed a Motion to Dismiss, and the Magistrate Judge recommended denying that Motion, finding that Plaintiff had satisfied the necessary elements for each of his four claims.  Defendant objected to the findings as to each claim.  The Court now considers the portions of the R&R that Defendant objects to *de novo*, or without deference to the findings of the Magistrate Judge.

## Report and Recommendation

In Defendant's Motion to Dismiss, (ECF No. 31), it argues that Plaintiff does not properly allege all of the elements of his four causes of action—disability discrimination, failure to accommodate, retaliation, and hostile work environment—and thus states no claim for relief. The Magistrate Judge found that Plaintiff did plead facts sufficient to state all four claims.  (ECF No. 33.)

As to the disability discrimination claim, Defendant argues that Plaintiff had not alleged an adverse employment action, as it claims that his rehiring was sufficient to cure his alleged termination.  Further, it argues that Plaintiff "did not allege any facts to plausibly suggest that his employment was terminated because of any actual or perceived disability."  (ECF No. 31-1 at PageID 102.)  The R&R found that Plaintiff sufficiently established a connection between his

termination and his disability since he was allegedly terminated just after his former supervisor yelled that he could not hear.  (ECF No. 33 at PageID 119.)

As to the failure to accommodate claim, Defendant argued that Plaintiff's request for a new trainer was not reasonable.  The R&R found that, while this was a "close call," Plaintiff adequately alleged that his request was reasonable.  Further, the R&R noted that it is difficult to resolve a fact-intensive inquiry like reasonableness on a motion to dismiss, and courts should thus be reluctant to grant a motion on those grounds.

As for the retaliation claim, Defendant again argued that the request for a new trainer did not constitute protected action because it was not reasonable.  In addition, it argued the lack of a causal connection between the so-called protected activity (the request for the trainer) and the adverse action.  The R&R found that, because Plaintiff requested a new trainer—again, immediately after his trainer criticized his hearing ability—and was allegedly terminated the same day, the temporal proximity was enough to establish a causal connection between the request and alleged termination.

Finally, as to the harassing or hostile work environment claim, Defendant argued that the isolated incident of a supervisor yelling at Plaintiff could not rise to the level of a hostile work environment.  However, in denying the Motion as to this claim, the R&R found that Defendant minimized the other incident in which Plaintiff's disability was discussed in a meeting and failed to acknowledge the severity of the yelling incident.

Thus, the R&R recommended denying Defendant's Motion to Dismiss as to all four claims.  Defendant objected to the Magistrate Judge's findings as to all four claims.  In its Objections, Defendant renews the arguments in its initial Motion, and it argues that the Magistrate Judge's findings were "contrary to applicable law."  (ECF No. 34 at PageID 129.)  It

does not argue that the Magistrate Judge applied an incorrect legal standard, only that the facts as alleged support granting Defendant's Motion to Dismiss. (ECF No. 34.)

## Standard of Review

District courts may designate magistrate judges to submit findings of fact and recommendations on various pretrial motions. 28 U.S.C. § 636(b)(1)(B). When a party timely objects to the magistrate judge's recommendation on a dispositive issue, the Court must make a *de novo* determination before ruling on the motion. 28 U.S.C. § 636(b)(1)(C). The Court is then free to accept, reject or modify the magistrate judge's recommendation. Id. The Court need not review *de novo* those aspects of the recommendation to which no specific objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). If there is no specific objection, the Court reviews the recommendation for clear error. Id. at 151.

The Motion before the Court is a Motion to Dismiss Plaintiff's Amended Complaint. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A pleading must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and should "nudge[] [a plaintiff's] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as

5

true, and draw all reasonable inferences in favor of the plaintiff." DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). Even so, the complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." First Am. Title Co. v. Devaugh, 480 F.3d 438, 444 (6th Cir. 2007).

While pro se complaints are to be liberally construed, Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011), a court cannot create a claim that is not present in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). Under 28 U.S.C. 1915(e)(2)(B)(ii), a court must dismiss a pro se complaint if it fails to state a claim.

## Analysis

Magistrate Judge Christoff recommends denying Defendant's Motion to Dismiss, concluding that Plaintiff states a colorable claim for relief in his Amended Complaint as to each claim he alleged: disability discrimination, retaliation, failure to accommodate, and hostile work environment. Defendant objected to this conclusion, arguing that Turner failed to allege necessary elements of each of his claims based on the facts alleged. Because three claims—disability discrimination, retaliation, and failure to accommodate—have similar elements and factual bases, the Court will discuss them together before addressing the hostile work environment claim. Because the Court concludes that there are sufficient facts to prove each contested element, the Motion is **DENIED**.

I.   Disability Discrimination, Retaliation and Failure to Accommodate Claims

Defendant argues that Plaintiff has not properly alleged several elements of his disability discrimination, retaliation, and failure to accommodate claims. For clarity's sake, the challenged

elements common to these causes of actions are addressed together, such that this Order analyzes by element, rather than by claim.

As to his disability discrimination claim, the contested elements are whether Plaintiff is disabled, whether he suffered an adverse action, and whether the employer knew or had reason to know of his disability. See Yarberry v. Gregg Appliances, Inc., 625 F. App'x 729, 735 (6th Cir. 2015) (quoting Rosebrough v. Buckeye Valley High Sch., 690 F.3d 427, 431 (6th Cir. 2012)). As to the failure to accommodate claim, the additional contested elements are whether Plaintiff requested a reasonable accommodation and whether Defendant failed to provide the accommodation. Hunt v. Monro Muffler Brake, Inc., 769 F. App'x 253, 258 (6th Cir. 2019) (quoting Brumley v. United Parcel Serv., Inc., 909 F.3d 834, 839 (6th Cir. 2018)). Finally, as to the retaliation claim, Defendant also contests whether Plaintiff engaged in protected activity, whether Defendant knew of the protected activity, and whether there was a causal connection between that activity and an adverse action. See Rorrer v. City of Stow, 743 F.3d 1025, 1046 (6th Cir. 2014). Based on Plaintiff's allegations, the elements of protected activity and request for accommodations are one and the same—Plaintiff's alleged protected activity was his requesting accommodations for his disability.

In total, Defendant argues that Plaintiff has failed to allege seven elements, some shared between these three claims. Defendant objects to the Magistrate Judge's finding that Plaintiff has adequately pled the following elements: (1) disability, (2) protected action/request for accommodation, (3) employer's knowledge of disability, (4) employer knowledge of protected activity/request for accommodation, (5) adverse action, (6) employer's failure to provide accommodation, and (7) causal connection between protected activity and adverse action. Each of Defendant's objections is addressed below, beginning with the disability element.

A. Disability

Defendant argues that Turner cannot satisfy the disability element because, according to Turner's own position, he is only "regarded as disabled" and does not have a disability that interferes with his ability to perform work tasks. (See ECF No. 29 (Plaintiff describing himself as such).) However, the Court must construe pro se complaints broadly, and Plaintiff later alleges that his hearing loss caused him to almost collide with a car. (ECF No. 29.) This statement may be interpreted as an allegation that his disability does interfere with an essential function of his work, driving a bus. Thus, the Court will construe his Amended Complaint broadly to argue that he has a disability that interferes with his work and, in the alternative, is "regarded as disabled" under the ADA. The disability element is thus satisfied for the purposes of the Motion to Dismiss.

B. Protected Activity and Request for Accommodations

Turner alleged sufficient facts to show that he engaged in protected activity by requesting a new trainer. While it is true that requesting a new supervisor is a disfavored accommodation under the ADA, a Plaintiff may justify the request by showing that he could only perform his duties if he were granted the transfer. See Cardenas-Meade v. Pfizer, Inc., 510 F. App'x 367, 372 (6th Cir. 2013). Defendant first argues that Turner cannot meet this standard because, he is only "regarded as disabled" and there is no duty to accommodate an employee who is only regarded as disabled. See Baker v. Windsor Republic Doors, 414 F. App'x 764, 774 (6th Cir. 2011). However, the Court dismisses this argument *supra*.

Defendant further argues that Plaintiff does not say how the transfer would enable him to perform his work duties. However, Plaintiff alleges that he requested a transfer because he could not understand Mr. Grey and felt that he could not ask him to repeat himself. (ECF No. 29 at

8

PageID 93.)  Reading the complaint in the light most favorable to Plaintiff, as the Court must, Plaintiff alleges that a new trainer would speak more clearly or agree to repeat himself, thus enabling Plaintiff to perform his job duties.  While the facts, once developed, may prove otherwise, at this stage Plaintiff has alleged that he engaged in a protected activity by requesting a reasonable accommodation.

        C.  Employer Knowledge of Disability; Employer Knowledge of Protected Action

Reading the Complaint in the light most favorable to Plaintiff and assuming his allegations to be true, Defendant was aware of Plaintiff's disability and the request was tied to that disability.  First, Defendant's awareness of the disability is alleged—according to Plaintiff, Defendant's employees discussed it at a staff meeting.  Second, as discussed *supra*, Plaintiff tied his request to his disability when he said he could not hear his supervisor.

        D.  Adverse Employment Action and Failure to Provide Accommodation

Defendant argues in its Objection that Plaintiff has not alleged an adverse employment action because he was rehired.  However, as the R&R notes, the circumstances around Turner's termination and his readmission into the training program are unclear.  (ECF No. 33 at PageID 119.)  Turner alleges that his readmission was pretextual and that he was quickly terminated again afterward.  (ECF No. 29 at PageID 94.)  Taking this allegation as true, the pretextual readmission to the training program cannot cure the alleged initial termination, which would be an adverse employment action.  See Bryson v. Regis Corp., 498 F.3d 561, 571 (6th Cir. 2007) (holding termination is an adverse employment action).  Again, at this stage of litigation, Plaintiff's allegations are assumed to be true.  For the purposes of a Motion to Dismiss, Plaintiff has adequately alleged the adverse action element.

Defendant further argues that the rehiring shows that Defendant did provide Plaintiff with an accommodation because, on his rehiring, Plaintiff was assigned a different supervisor. For the same reasons that the allegedly pretextual rehiring and prompt termination cannot cure the initial termination, they cannot cure Defendant's alleged failure to provide reasonable accommodations to Plaintiff. Thus, Plaintiff has also sufficiently alleged that Defendant denied his reasonable request for accommodation.

    E.  Causal Connection

Finally, Defendant argues that, even if the request was a protected action and the termination was an adverse employment action, there is no causal connection between the two. However, "proximity in time between the protected activity and the adverse employment action may constitute evidence of a causal connection." Bryson v. Regis Corp., 498 F.3d 561, 571 (6th Cir. 2007). Here, the adverse employment action (termination) allegedly occurred within one day of the protected activity (the request for a new trainer). Thus, Plaintiff has alleged sufficient facts as to this element as well.

  II.    Hostile Work Environment

Defendant argues that Turner did not state a hostile work environment or harassment claim. To maintain an action for a hostile work environment under the ADA, the employee must demonstrate that: "(1) he was disabled; (2) he was subject to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment unreasonably interfered with his work performance; and (5) the defendant either knew or should have known about the harassment and failed to take corrective measures." Trepka v. Bd. of Educ., 28 F. App'x 455, 461 (6th Cir. 2002). "To prevail, the employee must show conduct that is 'sufficiently severe or pervasive to

10

alter the conditions of the victim's employment and [to] create an abusive working environment.'" Id. (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)).

The R&R found that Turner did allege sufficient facts to prove each element. Turner alleges two discrete incidences of discriminatory harassment. First, his roommate noticed his hearing loss and brought it up at a staff meeting, discussing it as if Turner could not hear, when he has only partial hearing loss. Second, when Turner could not understand a driving instruction and thus almost caused a collision, his trainer, Mr. Grey, yelled that Turner cannot hear, that he should not be behind the wheel, and that he needed to put new batteries in his hearing aids. (ECF No. 29 at PageID 93.)

Defendant argues that Turner has not stated a hostile work environment claim because the comments did not interfere with his work performance and one "isolated" incident cannot rise to the level of hostile work environment. (ECF No. 34 at PageID 137.) However, one of the incidents, when Mr. Grey allegedly berated Plaintiff, occurred while Plaintiff was driving a bus as part of his employment. This allegation makes it plausible that the harassment did interfere with Plaintiff's employment duties. Further, Defendant seems to ignore the discussion of Plaintiff's disability in a staff meeting, not mentioning the incident at all in its argument regarding hostile work environment. Plaintiff had alleged more than a single incident of harassment. Thus, Defendant's argument that this was a mere "isolated" event cannot succeed.

Taking all of Plaintiff's allegations as true, these two incidents could plausibly rise to the level of a hostile work environment. Plaintiff has done more than give a "formulaic recitation" of the elements of a hostile work environment, so his claim will survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Again, while the proof as developed may show otherwise, the allegations and the overall context do allow a reasonable inference that the

11

workplace was permeated with discrimination so as to create a hostile or harassing work environment.  See, e.g., Harris-Bethea v. Babcock & Wilcox Tech. Servs. Y-12, LLC, No. 3:13-CV-669-TAV-HBG, 2015 WL 1458042, at *12 (E.D. Tenn. Mar. 30, 2015).  Thus, Defendant's Motion to Dismiss Plaintiff's hostile work environment claim is **DENIED**.

## Conclusion

The Court reviewed all recommendations objected to *de novo*, and it reaches the same conclusion as the Magistrate Judge.  The remainder of the R&R was reviewed for clear error, but none was found.  Therefore, the Report and Recommendation is **ADOPTED**, and Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED,** this 19th day of March, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE